# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | |
|---|---|
| J. DONALD CAIRNS, as Personal Representative of the Estate of Tracy Turner, deceased,<br><br>        Plaintiff,<br><br>    v.<br><br>WEBSTA'S AVIATION SERVICES, INC., a United States Virgin Islands Corporation,<br><br>        Defendant.<br>_____ | 1:18-cv-00015 |

**TO:** Douglas L. Capdeville, Esq.

## ORDER

THIS MATTER is before the Court upon Plaintiffs' Motion for Extension of Time to Serve Defendant (ECF No. 52). This order is issued without necessity or expectation of response.

This matter was transferred to this Court from the United States District Court for the Southern District of Florida on May 3, 2018. The Fourth Amended Complaint was filed on July 24, 2018. Though Plaintiffs made many attempts to serve Defendant, they allege that they had difficulty in doing so, because two of Defendant's three board members, including the Resident Agent, are now deceased. Pl.'s Mot. at 1. Defendant was finally able to serve Defendant on February 26, 2019. *Id.*

Having reviewed the motion, the Court finds that Plaintiffs are entitled to serve Defendant out of time.

*Cairns v. Websta's Aviation Services, Inc.*
1:18-cv-00015
Order Granting Plaintiffs' Motion for Extension of Time to Serve Defendant
Page 2

DISCUSSION

Federal Rule of Civil Procedure 4(m) outlines the timing requirements for service of process. Rule 4(m) provides

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. *But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period*.

Fed. R. Civ. P. 4(m) (emphasis added). Generally, courts consider four factors in determining good cause: "(1) the reasonableness of the plaintiff's efforts to effect service; (2) prejudice to the defendant because of untimely service; (3) whether the plaintiff has moved for an enlargement of time; and (4) whether the statute of limitations will bar the plaintiff's claims if the action is dismissed." *Sanchez v. United States*, 2016 U.S. Dist. LEXIS 20316, at *4-5 (D.V.I. Feb. 19, 2016) (citing *Mathies v. Silver*, 450 F. App'x 219, 222 (3d Cir. 2011); *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097-98 (3d Cir. 1995); *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1312 (3d Cir. 1995)).

Despite having served Defendant more than four months after the expiration of the 90-day service window, Plaintiffs have demonstrated good cause for the delay, mainly because Defendant is no longer in business, and it was challenging for Plaintiffs to identify and locate a living person who could be served. Plaintiffs were able to serve Charmaine Webster-Hauser, a board member of Defendant, with a copy of the Summons and Complaint when this matter was first filed in the United States District Court for the

*Cairns v. Websta's Aviation Services, Inc.*
1:18-cv-00015
Order Granting Plaintiffs' Motion for Extension of Time to Serve Defendant
Page 3

Northern District of Ohio in 2009, and then again when the matter was transferred to the Southern District of Florida in 2011. However, when the matter was transferred to this Court, Websta Aviation Inc. was no longer actively in business, and Plaintiffs learned that Webster-Hauser had passed away on May 4, 2018. Further, Ken Webster, the person appointed to receive service of process on behalf of Defendant as the resident agent passed away on December 3, 2008, cutting off another potential avenue of service by Plaintiffs. Eventually, Plaintiffs were able to locate Yvonne Webster-Price, the company's vice president, and served her on February 26, 2019.

Though Plaintiffs never moved for an enlargement of time prior to serving Defendant, Defendant is not prejudiced by the lapse of time in effecting service, because it had notice of the lawsuit since December 28, 2009, when it was first served, and, presumably has retained any documents, witnesses and other evidence needed to protect its interests in this matter.

Even if good cause is lacking, the Court is permitted to extend the time to effectuate proper service. *Frazier-Alexis v. Superior Court of the V.I.*, 2019 U.S. Dist. LEXIS 58664, at *7 (D.V.I. Apr. 3, 2019) (citing *John v. McHugh*, 2010 U.S. Dist. LEXIS 105016, at *8 (D.V.I. Sept. 30, 2010)); *see also Petrucelli*, 46 F.3d at 1305 (stating that even where "good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service"). This matter has been in litigation for more than nine years from when it was first filed in the United States District Court for the Northern

*Cairns v. Websta's Aviation Services, Inc.*
1:18-cv-00015
Order Granting Plaintiffs' Motion for Extension of Time to Serve Defendant
Page 4

District of Ohio, and Defendant should be aware of the legal action that has taken place thus far.  *See John*, 2010 U.S. Dist. LEXIS 105016, at *20 (D.V.I. Sept. 30, 2010) (noting that "[a]ctual notice to the defendant that an action has been filed precludes a finding of prejudice").  Further, the statute of limitations for a wrongful death case is two years in the Virgin Islands, and Plaintiffs would be unable to refile the case if it is dismissed.  Finally, the Court acknowledges the efforts made by Plaintiffs in locating Defendant and that there were several complicating factors that were outside of Plaintiffs' control—specifically, that two of Defendant's three board members died since the events underlying the lawsuit and that Defendant was no longer in business.

Based upon the foregoing, it is now hereby ORDERED that Plaintiffs' Motion for Extension of Time to Serve Defendant (ECF No. 52) is GRANTED, with the time for effectuating such service upon said Defendant extended to February 26, 2019, the date on which Defendant was served.

ENTER:

Dated: May 10, 2019

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
MAGISTRATE JUDGE